IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36936-6-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LISA L. MUNRO, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, C.J. — Lisa Munro appeals her conviction for third degree theft. Because Ms. Munro has shown the prosecutor and trial court improperly and prejudicially referenced facts outside the record in the presence of the jury, we reverse Ms. Munro's conviction and remand for a new trial.

FACTS

Lisa Munro volunteered as a host mother for international exchange students. One of her students was K.N, a student from Vietnam. K.N. lived with Ms. Munro from August 2018 to March 2019.

When K.N. arrived in the United States he had $2,000 cash and some pocket money. After Ms. Munro helped K.N. buy a $600 laptop, his remaining $1,400 went missing. K.N.'s parents wired Ms. Munro $600 in replacement funds for K.N. Ms. Munro gave K.N. a portion of the funds in January. But after Ms. Munro did not give K.N. the remaining funds, the State charged Ms. Munro with theft: felony second degree theft

based on the missing $1,400 cash, and misdemeanor third degree theft based on the wired funds that were not released to K.N.

The case proceeded to trial and the State presented testimony from K.N., the exchange program administrator, and two of K.N.'s fellow exchange students. The only evidence of the misdemeanor theft was presented through the testimony of K.N. The State did not present testimony from K.N.'s parents and did not introduce any exhibits.

K.N. testified Ms. Munro gave him $200 cash in January, and then informed him she would provide the remaining $400 when she had time to travel to her bank in Spokane. Although Ms. Munro traveled to Spokane several times after this conversation, K.N. never received the remaining funds. K.N. did not clarify whether he asked Ms. Munro to remit the funds after she returned from Spokane.

Ms. Munro testified that she had never intended to deprive K.N. of any money. She claimed she gave K.N. $300 cash of the $600 after she received it from his parents. Following their discussion about his money, Ms. Munro believed K.N. wanted her to keep the rest in her bank account until he requested it. He never did. After the State filed charges in March, Ms. Munro did not return the money because a judge ordered her to have no contact with K.N. According to Ms. Munro, she would return the money as soon as the court gave her permission.

During summation, both parties addressed Ms. Munro's claim that she was ready to return K.N.'s money as soon as she was given permission. At issue in this appeal is the following excerpt of the prosecutor's argument:

> [THE PROSECUTOR:] [Ms. Munro] testified that she still had that three hundred dollars and that she's completely prepared to give it to him, but she wasn't allowed to give it to him. Well, first of all, she had the money in January, kept it through February, kept [it] through the beginning of March or the first part of March when he was removed from her home. And now, we have this court case and she says that she's not allowed to give it to him even though she wants to. Well, she could have given it to him in January, February, March and then the court case started and she said she's not allowed. That's not exactly true. There are ways. If she really wanted to give him that money, she could have found a way. She could have given the money to her attorney to give to him. She could have asked the Court—
>
> [THE DEFENSE ATTORNEY:] Objection, Judge, third party. Can't go through a third party on that. Right in the rules.
>
> THE COURT: Well, asking a third party or asking the court?
>
> [THE DEFENSE ATTORNEY:] Through the third party. Can't even communicate through a third party.
>
> THE COURT: Although the evidence not [sic] presented but asking the Court would be an option.
>
> [THE PROSECUTOR:] Okay, so she could have asked the Court. She could have asked the Court for permission. She could have given the money to the Court to give to K.N. There are ways. She could have found a way if she really wanted to, but instead she withheld that money and it's now June and she's had that money since January.

1 Report of Proceedings (June 5, 2019) (RP) at 202-03.

The prosecutor also referred to Ms. Munro's alleged desire to return the money when arguing she "intended to deprive [K.N.] of the property." *Id*. at 206. The prosecutor argued,

> Well, it may be true that she now wants to give it back to him, maybe her intent changed now that we're in trial, but she could have given it to him beforehand. She could have given it to him in January, February, March, April, May and now we're in June and now she wants to give it back to him. So that's how you—you figure out someone's intent. Look at their actions.

*Id*. The prosecutor reiterated these arguments in rebuttal. The defense referred to Ms. Munro's statement and the prosecutor's argument briefly, contending, "She was told she can't contact [K.N.]. That's undisputed. Did you hear any evidence otherwise? You only go by the evidence, not what we—we've talked about." *Id*. at 211.

The jury found Ms. Munro not guilty of second degree theft of the $1,400 cash, and guilty of third degree theft of the wired funds.

Ms. Munro timely appeals her third degree theft conviction.

ANALYSIS

Ms. Munro contends the prosecutor committed misconduct in summation by arguing she could have gone through her attorney or asked the court to facilitate return of K.N.'s money. Although Ms. Munro did not allege prosecutorial misconduct at the time of trial, we will review a claim of misconduct for the first time on appeal if it was "so

4

flagrant and ill intentioned that an instruction could not have cured the resulting prejudice." *State v. Emery*, 174 Wn.2d 741, 760-61, 278 P.3d 653 (2012).

There are two steps to the prosecutorial misconduct inquiry. First, we ask whether the prosecutor's conduct was improper. Second, we assess the question of prejudice. Our review does not look to the prosecutor's subjective intent. *State v. Walker*, 182 Wn.2d 463, 478, 341 P.3d 976 (2015). Instead, we look at the issue of misconduct objectively and examine whether, given the context of the trial, the prejudice to the defendant could have been cured through corrective court action. *Id*.

The prosecutor's argument constituted misconduct. By telling the jury Ms. Munro could have gone through her attorney to return K.N.'s money, the prosecutor conveyed factual information to the jury that was outside the trial record. The only evidence admitted at trial was Ms. Munro's testimony that she could not return the money because she was ordered not to have contact with K.N. The prosecutor could have submitted rebuttal evidence to contest Ms. Munro's claims. But they did not do so. Without contradictory evidence on the record, it was improper for the prosecutor to act as a witness and testify as to ways in which Ms. Munro could have returned K.N.'s money. *See In re Pers. Restraint of Glasmann*, 175 Wn.2d 696, 705, 286 P.3d 673 (2012) (It is misconduct "to submit evidence to the jury that has not been admitted at trial.").

5

On appeal, the State contends the prosecutor's statements were innocuous because Ms. Munro was only charged with theft of funds during the month of January and the no-contact order was not issued until March. We disagree with this assessment. According to Ms. Munro's testimony, the first time she learned K.N. wanted the money released was when court proceedings began in March. But at that point, it was not possible to have contact with K.N. and return the funds. The extra-judicial information proffered by the prosecutor went directly to Ms. Munro's assertion of good faith. The prosecutor argued Ms. Munro's willful failure to return the money in the months after issuance of the no-contact order was evidence of an ongoing mental state that dated back to January. This argument improperly prejudiced Ms. Munro.

The trial court aggravated the prosecutor's misconduct when it agreed with the prosecutor's factual assertion. Although the court recognized the prosecutor was proffering facts not in evidence, the court concurred with the idea that Ms. Munro could have asked the court to facilitate the return of K.N.'s money. This was not only improper under article IV, section 16 of the state constitution, it solidified the prejudice to Ms. Munro. Once the court commented on the prosecutor's factual proffer, the cat simply could not be put back into the bag.

No. 36936-6-III
*State v. Munro*

The prosecutor's prejudicial misconduct deprived Ms. Munro of her right to a fair trial. Ms. Munro's defense was that she lacked intent to permanently deprive K.N. of his money. The extraneous information proffered by the prosecutor went to the heart of her case. The remedy now due to Ms. Munro is a new trial.[1]

CONCLUSION

Ms. Munro's conviction for third degree theft is reversed. This matter is remanded for retrial.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____, C.J.
Pennell, C.J.

WE CONCUR:

_____, J.
Fearing, J.

_____, J.
Lawrence-Berrey, J.

---

[1] Because we remand this matter for retrial, we need not address Ms. Munro's additional assignments of error.